IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Marlon Price and Michelle Price, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 20-00149-CV-W-HFS |
| Young America Ins. Co., | ) |
| Defendant. | ) |

ORDER

Pending before the Court is the motion of Marlon and Michelle Price to remand this case to the Circuit Court of Jackson County, Missouri. (Doc. 9). Plaintiffs assert that remand is required because Defendant Shirley Thompson did not consent to the removal filed by Defendant Young America Insurance Company, and therefore, this court lacks subject matter jurisdiction.

**Background.**

On July 22, 2016. Plaintiff Marlon Price was injured when his motorcycle collided with a vehicle owned by Shirley Thompson. At the time of the collision, Thompson was insured by Young America under a policy of liability insurance ("Young America Policy") providing $25,000 in coverage.

On January 11, 2017, Marlon and Michelle Price filed a petition in the Circuit Court of Jackson County, Missouri, Case No. 1716-CV00826 (the "Underlying Case") against Thompson alleging that she was liable to Plaintiffs under theories of respondeat superior, negligent entrustment, and negligence for the injuries to Plaintiffs arising out of the July 22, 2016, motor vehicle collision.

While the Underlying Case was pending, on March 28, 2018, Plaintiffs and Thompson entered into a settlement agreement pursuant to R.S. Mo. § 537.065. This agreement "provided

1

that [Plaintiffs] would not execute against the assets of Defendant Thompson to satisfy any judgment in their favor and against Defendant Thompson in the Underlying Case." In exchange, Thompson agreed that in "the event Plaintiffs obtains [sic] a judgment against [Thompson], [Thompson] will, within 15 days after said judgment becomes final, assign to Plaintiffs all rights, actions, and causes of action [Thompson] has or may have against Young America arising from Young America's handling of the claims made in the [Underlying Case]" including Young America's alleged "failure to settle this claim for the policy limits of the Young America policy."

Young America intervened in the Underlying Case and, together with Plaintiffs and Thompson, tried the Underlying Case to the Circuit Court. Following trial, the Circuit Court entered judgment in favor of the Prices, awarding Marlin Price $3,500,000 and Michelle Price $100,000, plus post-judgment interest. After the judgment went unpaid, the Prices then filed a complaint in equitable garnishment pursuant to Mo. Rev. Stat. § 379.200 naming Young America and Thompson as defendants.

Thompson answered the complaint for equitable garnishment and also asserted cross-claims against Young America for bad faith failure to settle, negligence, breach of fiduciary duty, and tortious interference. Thompson's cross-claims are predicated on allegations that Young America acted in bad faith and contrary to her interests by: (1) refusing to accept Plaintiff Marlon Price's pre-suit offer to settle (2) failing to accept Plaintiffs' May 2017 offer to enter into a R.S.Mo. § 537.065 agreement, and (3) filing a declaratory judgment against her based on her alleged failure to cooperate in her defense and intervening in the Underlying Case.

After Young America removed the complaint to federal court, plaintiffs filed a motion to remand, arguing that defendant Thompson did not consent to removal and her consent was required under 28 U.S.C. § 1446.

**Removal.**

Federal courts are courts of limited jurisdiction. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir 2009). A federal district court may exercise removal jurisdiction only when the court would have had original jurisdiction had the action initially been filed there. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). A court must resolve all doubts about federal jurisdiction in favor of remand to state court. Id.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a). Christiansen v. West Bank Community School Dist., 674 F.3d 927 (8th Cir. 2012) (unanimity requirement prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants).

Plaintiffs asserts that remand is appropriate because Thompson does not consent to removal, and that as a judgment debtor she is required to be joined in this action under Missouri law. Mo. Rev. Stat. § 379.200. See Cagle v. Westfield Ins. Co., 2018 WL 64978866 at *2 (W.D. Mo. Dec. 10, 2018) ("[Judgment Debtor] is a statutorily required party to an equitable garnishment claim"); Kendall v. Northern Assur. Co. of America, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) ("Courts have consistently held that §379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute); Myers v. American Family Mut. Ins. Co., 2019 WL 8017720, at *2 (E.D. Mo. Feb. 2, 2019) ("The Court finds that Plaintiff would not be entitled to relief under the statute absent the joinder of the judgment debtors … as the parties are both necessary and indispensable.")

Young America concedes that Thompson did not consent to removal. It argues however, that Thompson's consent is not required because: (1) she was fraudulently joined, and (2) the court should realign Thompson as a plaintiff which would not require her consent to removal.

**Fraudulent Joinder.**

"Joinder is fraudulent, and removal is only proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). Fraudulent joinder of a party results from "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal . . .". Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a non-diverse defendant." In re Prempro Prods., 591 F.3d at 620. "[T]he question of whether a plaintiff has fraudulently joined a defendant requires a close analysis of state law . . .". Knudson v. Sys. Painters, Inc., 634 F.3d 968, 978 (8th Cir. 2011).

Young America asserts that Thompson was fraudulently joined because the "complaint is predicated on Young America's alleged independent acts toward Ms. Thompson and seeks relief from Young America far in excess of the policy limit." Young America argues that the Plaintiffs' claim is not a claim for equitable garnishment as a matter of law. Young America asserts that plaintiffs are seeking to stand in the shoes of Thompson and hold Young America liable for the entirety of the judgment. Young America asserts that naming Thompson as a defendant a "sham designed to frustrate Young America's removal to this court."

In John Doe IX v. National Insurance Fire Ins. Co., No. 6:18-cv-03283-BCW (Doc. 28), Judge Wimes considered a similar situation. Plaintiff brought tort claims against an individual defendant, Peter Newman, and others arising from Newman's sexual misconduct against Plaintiff at a summer camp, where Newman was employed. John Doe IX v. Kanakuk Heritage, Inc. et al., No. 15AF-CC00882-01. After a trial in that case, the State Court entered judgment against Newman, in the amount of $10 million in compensatory and $10 million in punitive damages together with costs ("Underlying Judgment"). Defendant Newman received a credit of $1.5 million against the damages award, pursuant to Mo. Rev. Stat.§ 537.060.

4

After entry of the Underlying Judgment, Plaintiff and Newman entered into a Contract to Limit Recovery, pursuant to Mo. Rev. Stat. § 537.065, under which Newman assigned to Plaintiff "all rights and / or causes of action he had or may have against any insurance company or entity that provided policies of insurance to Newman or Newman's employer at or near the time of the occurrences giving rise to the [Underlying] Judgment." Plaintiff, as a judgment creditor in the Underlying Judgment, then asserted claims against the Insurance Defendants for equitable garnishment under Mo. Rev. Stat. § 379.200(Counts I, II, and III) and bad faith failure to defend Newman (Count IV).

The Insurance Defendants removed the case to federal court, asserting federal jurisdiction based on the parties' diversity of citizenship. Although Plaintiff and Newman were both citizens of Missouri, the Insurance Defendants argued that Newman was fraudulently joined since he was only joined for purposes of the equitable garnishment claims that Plaintiff cannot pursue against him. Judge Wimes held that Newman was not fraudulently joined, stating that plaintiff "can pursue an equitable garnishment claim, in addition to claims arising from assignment of Newman's contractual rights, such as bad faith failure to defend. Indeed, it is not uncommon for plaintiffs to bring equitable garnishment claims along with claims for breach of contract. Id. (citing Jensen v. Allstate Ins. Co., 349 S.W.3d 369, 372 (Mo. Ct. App. 2011) (addressing claims of breach of duty to defend and bad faith failure to settle as well as an equitable garnishment claim); Otten v. Liberty Mut. Ins. Co., 2018 WL 3861340, at *1 (E.D. Mo. Aug. 14, 2018) (stating that defendant-insured's assignment of its bad faith claims to the plaintiffs does not affect the Plaintiff's equitable garnishment claim).

The court also rejected the insurer's argument that Newman's Missouri citizenship should be disregarded because plaintiff seeks no relief against him. "The Eighth Circuit has held that a judgment creditor is required to join a judgment debtor, as well as the insurance company, in an action under Mo. Rev. Stat. § 379.200, as judgment debtors are statutorily

5

necessary parties." Id. citing Kendall v. Northern Assurance Co. 2009 WL 2632757, at *2 (W. D. Mo.); Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 261 (8th Cir. 1993).

The same considerations apply here.  Thompson is required to be joined as a judgment debtor in an action under Mo. Rev. Stat. § 379.200.  There is no fraudulent joinder and Thompson's consent was required for removal.

**Realignment of Parties.**

Young America also asserts that even if Thompson could be deemed to have been properly named as a defendant, because she is asserting identical allegations as plaintiffs, she should be realigned as a plaintiff.  Young America suggests that, if necessary, the putative claims for equitable garnishment can be severed from the extra-contractual bad-faith claims, and by doing so, her consent is unnecessary to removal.

Young America argues that Russell v. Liberty Ins. Underwriters, 2017 WL 7805744 (W.D. Mo. Sept. 5, 2017) supports its position that the court should re-align Thompson as a plaintiff. However, the holding in Russell does not support such a realignment. In Russell, a judgment was entered against an officer for breach of fiduciary duty.  The insurer denied coverage under an officer and director policy.  The plaintiff in the underlying action (judgment creditor) brought a claim for equitable garnishment against the insurer but did not name the officer as a defendant. The officer brought claims for bad faith refusal to defend, breach of fiduciary duty, and breach of insurance contract against the insurer as a co-plaintiff. Because the officer was also a judgment debtor and not named in the equitable garnishment claim, the district court held that the officer should be realigned as a defendant because Eighth Circuit precedent and R.S.Mo. §379.200 required the Judgment Debtor to be named as a defendant.. *Id.* ("In the present circumstance, §379.200 clearly mandates that the judgment debtor must be joined as a defendant, along with the insurance provider."). See also Johnson Cty. Park & Rec. Dist. v. Lexington Ins. Co., 2008

WL 11337249 (W.D. Mo. Sept. 3, 2008). Thus, the cases cited by Young America do not support its argument of realigning Thompson as a plaintiff, and further support this court's conclusion that Thompson consent to removal is required.

    For these reasons, Plaintiffs motion to remand is hereby GRANTED. (Doc.9).

                                             s/ HOWARD F. SACHS
                                             Howard F. Sachs
                                             UNITED STATES DISTRICT JUDGE

August 4, 2020
Kansas City, Missouri